**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

ROBERT DOUGLAS TURNER                   :

    Plaintiff                                   :

    v                                           :            Civil Action No. RDB-06-2626

LT. LINDA COTTIE                            :

    Defendant                                   :
                                           oOo

**<u>MEMORANDUM OPINION</u>**

Pending in the above-captioned civil rights case is Defendant's Motion to Dismiss or for Summary Judgment.  Paper No. 15.  Plaintiff has filed an Opposition to the motion.[1]  Paper No. 17. Upon review of the papers filed, the Court finds a hearing in this matter unnecessary.  Local Rule 105.6 (D. Md. 2004).  For the reasons that follow, the Motion to Dismiss or for Summary Judgment, construed as a Motion for Summary Judgment, shall be granted.

**Background**

Plaintiff claims he cut himself on March 24, 2006, while on suicide watch.  Paper No. 1 at p. 4.  He states that Defendant Lt. Cottie was notified at 10:15 a.m. of Plaintiff's injury, but, she never reported the incident.  *Id*.  He claims he was taken to the medical unit by Lt. Ragins at approximately 11:45 a.m. on the day of the incident.  *Id*.  Plaintiff asserts that Defendant's failure to report the incident caused a delay in medical treatment and represents reckless endangerment and deliberate indifference.  *Id*.

Defendant asserts that upon learning of Plaintiff's self-inflicted injury, she reported it

---

[1]Plaintiff has also filed a motion for appointment of counsel.  Paper No. 7. Plaintiff has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so.  The issues pending before the court are not unduly complicated.  Therefore, this court concludes that there are no exceptional circumstances at this time which would warrant the appointment of an attorney to represent plaintiff under 28 U.S.C.§1915(e)(1) and the motion will be denied without prejudice.

immediately to the medical department.  Paper No. 15 at Ex. 1.  She explains that medical personnel informed her that Plaintiff's transport to medical would be arranged.  *Id*.  Approximately twenty minutes later, Plaintiff was escorted to medical for treatment of his wound.  *Id*.  Upon his arrival, however, Plaintiff was so hostile to the treating nurse that she was in fear for her safety.  *Id*. at Ex. 3.  In light of his hostility, Plaintiff was sent to the hospital at the Maryland Transition Center (MTC), located across the street from Maryland Correctional Adjustment Center where Plaintiff was incarcerated.  *Id*.  Plaintiff was treated at MTC at 12:30 p.m. the day he was injured.  *Id*.  During treatment it was determined that the injury was a re-opening of a self-inflicted injury from the previous week.  *Id*.

## Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950).  The moving party bears the burden of showing that there is no genuine issue of material fact.  *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party.

*See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). Nonetheless, a party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *See Anderson*, 477 U.S. at 256. Inasmuch as Defendants' motion relied on matters outside the scope of the pleadings, it shall be construed as a motion for summary judgment. *See* Fed. R. Civ. P. 12(b)(6).

**Analysis**

In order to state an Eighth Amendment constitutional claim for denial of medical care, Plaintiff must demonstrate that Defendant's acts (or failures to act) amounted to deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In essence, the treatment rendered must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *See Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Miltier*, 896 F.2d at 851. Reckless disregard occurs when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer v. Brennan*, 511 U. S. 825, 837 (1994).

"'[B]ecause society does not expect that prisoners will have unqualified access to health care,' the objective component of an Eighth Amendment claim based on deprivation of medical attention is satisfied only if the medical need of the prisoner is 'serious.'" *Shakka v. Smith*, 71 F.3d 162, 166

(4th Cir. 1995) (quoting *Hudson v. McMillian*, 503 U. S. 1, 9 (1992)).  "[A]n injury or condition is 'serious' only if it is 'life threatening or poses a risk of needless pain or lingering disability if not treated at once.'" *Anderson-El v. O'Keefe*, 897 F. Supp. 1093, 1096 (N.D. Ill. 1995) (quoting *Davis v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991)).  In determining whether an alleged deprivation of medical care amounts to a constitutional violation, courts must consider the severity of the medical problem, the potential for harm if medical care was denied or delayed, and whether such harm actually resulted from the lack of medical attention. *See Burns v. Head Jailor of LaSalle County*, 576 F. Supp. 618, 620 (D. N. Ill. 1984) (citation omitted).

In the instant case it is undisputed that Plaintiff had a serious medical need for which he received medical care.  The only issue is whether that medical care was unreasonably delayed and, if it was, the harm it caused.  In his opposition, Plaintiff claims that "quite a bit of time" elapsed between the time he notified Defendant of his injury and the time he notified Lt. Ragins, who ultimately escorted him to medical.  Paper No. 17.  He alleges that the log book for the prison housing unit will establish an lapse of time and he asserts that the fact he notified Lt. Ragins means that Defendant never called medical staff as she claimed.  *Id*.  Assuming there was a delay  and it was caused by Defendant's failure to notify medical staff, Plaintiff has not alleged or offered any evidence of an injury that resulted.  Defendant has, in contrast, offered evidence that Plaintiff was provided with medical treatment for his injury approximately 2 hours after it occurred.  Paper No. 15 at Ex. 3.  Plaintiff does not dispute Defendant's assertion that his hostility toward medical staff at MCAC caused part of the delay in delivering medical care for his injury.  In short, there is no evidence that Defendant engaged in conduct shocking to the conscience, or exhibiting a callous disregard.  Defendant is therefore entitled to summary judgment in her favor.

<u>May 7, 2007</u>                                          /s/_____
Date                                                              RICHARD D. BENNETT
                                                                  UNITED STATES DISTRICT JUDGE